IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| INDOLFO MARTINEZ, #54686-177, § | |
| MOVANT, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-446-B-BK |
| § | (CRIMINAL CASE NO. 3:16-CR-378-B-5) |
| § | |
| UNITED STATES OF AMERICA, § | |
| RESPONDENT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Indolfo Martinez's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. As detailed here, the Section 2255 motion should be denied.

**I. BACKGROUND**

Martinez pled guilty to possessing cocaine with intent to distribute and was sentenced to 64 months' imprisonment and a three-year term of supervised release. Crim. Doc. 160. He did not file a direct appeal but timely filed this Section 2255 motion, asserting ineffective assistance of counsel at sentencing. Doc. 1. The Government filed a response in opposition. Doc. 7. Martinez did not file a reply. Because Martinez has not shown that counsel was constitutionally ineffective, his Section 2255 motion fails on the merits.

**II. ANALYSIS**

To obtain post-conviction relief on a claim that defense counsel was constitutionally ineffective, the movant must prove that counsel's performance was deficient and that counsel's

substandard performance caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. Moreover, to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the sentencing context, to establish prejudice, a movant must demonstrate that his sentence was increased due to the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001).

Here, Martinez asserts counsel rendered ineffective assistance when he failed to: (1) object to the Presentence Report ("PSR"); (2) present arguments in support of the safety-valve and minor-role reductions, (3) move for a downward departure based on "aberrant behavior," and (4) request a downward variance based on the 18 U.S.C. § 3553(a) sentencing factors. Doc. 1 at 14-18. However, as the Government correctly notes, Martinez's claims are conclusory and vague; thus, they should be denied.

Martinez's bare assertions that counsel failed to object or present arguments at sentencing are vague and, therefore, insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim because "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). That notwithstanding, each of Martinez's claims fails on the merits, as detailed *infra*.

### A. Safety Valve inapplicable

Martinez's alleges that the Sentencing Guidelines' safety-valve provision applied in his case, however, he is mistaken since his offense of conviction does not carry a statutory minimum

sentence of imprisonment. *See United States v. Miller*, 179 F.3d 961, 964 (5th Cir. 1999) ("The safety valve provides that, for convictions of certain drug offenses, the 'court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence' if the defendant meets certain requirements."); U.S.S.G. § 5C1.2, cmt. n.9. Martinez pled guilty to drug trafficking offense under 21 U.S.C. § 841(a)(1), for which "a term of imprisonment of not more than 20 years" is prescribed under 21 U.S.C. § 841(b)(1)(C). Crim. Doc. 31 at 1-2. Inarguably, Martinez's counsel cannot be deemed ineffective for failing to make a futile objection on that basis. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." (quotations and quoted case omitted)); *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (same as to meritless guideline objection).

   B.  **No support for minor participation finding**

Likewise Martinez presents no evidence to show that he was a minor participant in the joint criminal activity, and the record belies his argument. According to the PSR, which was accepted without change at sentencing, Martinez was the cocaine supplier for jointly undertaken criminal activity that included indicted coconspirators. Crim. Doc. 112-1 at 6, PSR ¶¶ 15-16. Although he was held responsible for only 4 kilograms of cocaine—a conservative quantity—he was considered a "high level" supplier with "access to significant sources of cocaine." Crim. Doc. 198 at 6-7. Martinez's belated and self-serving assertions aside, he simply cannot demonstrate counsel's deficient performance or resulting prejudice simply, because there is a dearth of evidence that he was eligible for either a minimal- or minor-participant adjustment. U.S.S.G. § 3B1.2 cmt. n.3(A) (providing a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant").

### C. No support for aberrant behavior finding

Likewise, contrary to Martinez's arguments, Doc. 1 at 15, 17, there is no evidence that would have justified a downward departure for aberrant behavior. Again, Martinez's claim that he only sold drugs to the confidential informant on the one occasion is belied by the PSR finding accepted by the Court that he was considered a "high level" supplier with "access to significant sources of cocaine." Crim. Doc. 198 at 6-7. Even if Martinez's attempt to minimize his involvement is to be believed, it does not justify a downward departure. An aberrant behavior finding "requires more than an act which is merely a first offense or 'out of character' for the defendant." *United States v. Williams*, 974 F.2d 25, 26 (5th Cir. 1992) (citing *United States v. Carey*, 895 F.2d 318, 325 (7th Cir.1990)).

### D. The Court appropriately considered the Section 3553(a) factors

At sentencing, counsel urged the Court to impose the "most minimal sentence" possible, Crim. Doc. 198 at 5, and it is apparent from a review of the record that counsel could not have persuaded the Court to impose a lower Guideline sentence under the sentencing factors or a variance outside of the relevant Guidelines range. Contrary to Martinez's assertions, the Court carefully weighed the Section 3553(a) sentencing factors, including his lack of criminal history and his lesser role in the overall drug conspiracy. Doc. 1 at 16; Crim. Doc. 198 at 8-9. However, the Court also emphasized that Martinez's guideline range was "much lower" than his codefendants' and low overall for drug-trafficking offenses, and that he had "gone a long time . . . without actually getting into trouble." Crim. Doc. 198 at 8. In the end, the Court sentenced Martinez in the middle of the guideline range considering "the amount of activity, the nature of the transactions, [and] the deterrent effect . . . [of] giving a serious sentence." Crim. Doc. 198 at 9.

### E. No showing of prejudice

Notwithstanding all of the foregoing, Martinez has not met his burden to demonstrate prejudice, to-wit: that his sentence was actually *increased* due to counsel's ostensibly deficient performance. *Glover*, 531 U.S. at 203-204. Martinez only complains that his sentence was not *decreased* on the bases discussed here.

### III. CONCLUSION

For the foregoing reasons, Martinez's motion to vacate sentence under 28 U.S.C. § 2255 should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on December 19, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).